ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :       **06CRIM. 443**

        - v. -                   :       <u>INDICTMENT</u>

JAMES MURRAY,                      :       06 Cr.

             Defendant.       :
- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 2 4 2006

JUDGE WOOD

<u>COUNT ONE</u>

(<u>Structuring</u>)

    1.    From in or about 2000, up through and including in or about 2004, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations prescribed thereunder, and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, did structure and assist in structuring, and attempt to structure and assist in structuring, transactions with a domestic "financial institution," as that term is defined in Title 31, United States Code, Section 5312(a)(2), to wit, MURRAY, the principal of On Par Construction Corporation and related entities ("On Par"), over an approximately twelve-month period, cashed more than $9 million in checks at a branch of HSBC Bank in the Bronx, New York, and cashed more than $1 million in checks at a branch of Fleet Boston

Bank in the Bronx, New York, which checks were made payable in amounts designed to evade the filing of CTRs.

(Title 31, United States Code, Sections 5324(a)(3) and (d)(2) and Title 18, United States Code, Section 2.)

### COUNT TWO

(Employee Benefit Plan Embezzlement)

2.   From in or about 2000, up through and including in or about 2005, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did embezzle, steal, abstract, and convert to their own use, and to the use of another, moneys, funds, securities, premiums, credits, property, and other assets of "an employee welfare benefit plan or employee pension benefit plan," as that term is defined in Title 18, United States Code, Section 664, and of a fund connected therewith, to wit, MURRAY participated in a scheme whereby he paid cash to workers employed by On Par, and violated the terms of the collective bargaining agreement ("CBA") between On Par and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners (the "District Council") by, among other things, not making contributions to the District Council benefit funds.

(Title 18, United States Code, Sections 664 and 2.)

**COUNT THREE**

Mail Fraud

The Grand Jury further charges:

3.    From in or about 2000, up through and including in or about 2005, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, unlawfully, willfully, and knowingly did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and caused to be delivered by mail according to the direction thereon, and at the place it was directed to be delivered by the person to whom it was addressed, such matters and things, to wit, MURRAY violated the terms of the CBA between On Par and the District Council by, among other things, paying workers off-the-books, employing non-union workers, not paying workers union-scale wages, and misrepresenting the number of workers on reports submitted to the District Council and the District Council Benefit Funds pursuant to the CBA, in order to defraud the District Council and real estate developers, owners, contractors and others of money and property consisting of (i) economic benefits such as wages and employee benefit credits to

which union members were entitled under the CBA; (ii) contributions which the District Council benefit funds and other union-affiliated funds were entitled to receive under the CBA; (iii) monies collected from real estate developers, owners, contractors, and others as payment for wages and employee benefit contributions which On Par was obligated to, but in fact did not, pay under the CBA; and (iv) monies which the District Council would have collected as membership dues and other fees under the CBA, had the CBA not been violated.

(Title 18, United States Code, Sections 1341 and 2.)

### First Forfeiture Allegation

4. As the result of committing the structuring offense in violation of Title 31, United States Code, Section 5324, alleged in Count One of this Indictment, JAMES MURRAY, the defendant, shall forfeit to the United States pursuant to Title 31, United States Code, Section 5317(c)(1), all property, real and personal, involved in the structuring offense, and all property traceable thereto, including but not limited to a sum of money of at least $10 million in United States currency, in that such sum in aggregate is property involved in the structuring offense or traceable to such property.

### Second Forfeiture Allegation

5. As the result of committing the employee benefit plan embezzlement offense in violation of Title 18, United States Code, Section 664, alleged in Count Two of this Indictment, JAMES

MURRAY, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to a sum of money of at least $15 million in United States currency, representing the amount of proceeds obtained as a result of the offense.

### Third Forfeiture Allegation

6. As the result of committing the mail fraud offense in violation of Title 18, United States Code, Section 1341, alleged in Count Three of this Indictment, JAMES MURRAY, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(3)(E), all property, real and personal, that represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of said violation, including but not limited to a sum of money of at least $30 million in United States currency, representing the amount of gross receipts obtained as a result of the offense.

### Substitute Asset Provision

7. If any of the forfeitable property set forth in the above forfeiture allegations, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property, including but not limited to the following:

      A.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 100 Wrexham Road, Bronxville, New York.

      B.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 645/649 Bronx River Road, Yonkers, New York.

      C.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 230 South Fifth Avenue, Mount Vernon, New York.

      D.  All that lot or parcel of land, together with its

buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1446 First Avenue, New York, New York.

  E. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1305 Chestnut Ridge Road, Millbrook, New York.

  F. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 3536 Cambridge Road, Riverdale, Bronx, New York.

  G. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 3620 Oxford Avenue, Riverdale, Bronx, New York.

  H. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 300 East 77th Street, Unit 18B, New York, New York.

(Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(3)(E); Title 31, United States Code, Section 5317(c).)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v -

### JAMES MURRAY,

Defendant.

### INDICTMENT

06 Cr.

(Title 31, United States Code, Sections 5324(a)(3) and (d)(2), Title 18, United States Code, Sections 664, 1341, and 2.)

_____ MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____ /s/ Burge Bradley _____
Foreperson.