UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

        - v. -              :    INDICTMENT

JAMES MURRAY,                     :    S1 06 Cr. 443 (KMW)

              Defendant.      :
- - - - - - - - - - - - - - - - - -x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 0 9 2008

MICROFILMED
APR 1 1 2008 -12:00 PM

## COUNT ONE

(<u>Structuring</u>)

The Grand Jury charges:

1.   From in or about 2000, up through and including in or about 2004, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations prescribed thereunder, and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, did structure and assist in structuring, and attempt to structure and assist in structuring, transactions with a domestic "financial institution," as that term is defined in Title 31, United States Code, Section 5312(a)(2), to wit, MURRAY, the principal of On Par Construction Corporation and related entities ("On Par"), over an approximately twelve-month period, cashed more than $9 million in checks at a branch of HSBC Bank in the Bronx, New York, and

cashed more than $1 million in checks at a branch of Fleet Boston Bank in the Bronx, New York, which checks were made payable in amounts designed to evade the filing of currency transaction reports ("CTRs").

(Title 31, United States Code, Sections 5324(a)(3) and (d)(2) and Title 18, United States Code, Section 2.)

## COUNT TWO

(Employee Benefit Plan Embezzlement)

The Grand Jury further charges:

2.  From in or about 2000, up through and including in or about 2005, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did embezzle, steal, abstract, and convert to their own use, and to the use of another, moneys, funds, securities, premiums, credits, property, and other assets of "an employee welfare benefit plan or employee pension benefit plan," as that term is defined in Title 18, United States Code, Section 664, and of a fund connected therewith, to wit, MURRAY participated in a scheme whereby he paid cash to workers employed by On Par, and violated the terms of the collective bargaining agreement ("CBA") between On Par and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners (the "District Council") by, among other things, not making contributions to the District Council benefit funds (the "District Council Benefit Funds").

(Title 18, United States Code, Sections 664 and 2.)

## COUNT THREE

(Mail Fraud)

The Grand Jury further charges:

3. From in or about 2000, up through and including in or about 2005, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, unlawfully, willfully, and knowingly did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and caused to be delivered by mail according to the direction thereon, and at the place it was directed to be delivered by the person to whom it was addressed, such matters and things, to wit, MURRAY violated the terms of the CBA between On Par and the District Council by, among other things, paying workers off-the-books, employing non-union workers, not paying workers union-scale wages, and misrepresenting the number of workers on reports submitted to the District Council and the District Council Benefit Funds pursuant to the CBA, in order to defraud the District Council and real estate developers, owners, contractors and others of money and property consisting of (i) economic benefits such as wages and employee benefit credits to

3

which union members were entitled under the CBA; (ii) contributions which the District Council Benefit Funds and other union-affiliated funds were entitled to receive under the CBA; (iii) moneys collected from real estate developers, owners, contractors, and others as payment for wages and employee benefit contributions which On Par was obligated to, but in fact did not, pay under the CBA; and (iv) moneys which the District Council would have collected as membership dues and other fees under the CBA, had the CBA not been violated.

(Title 18, United States Code, Sections 1341 and 2.)

### COUNT FOUR

(Money Laundering)

The Grand Jury further charges:

4. From in or about 2000, up through and including in or about 2006, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, to wit, proceeds of the crimes alleged in Counts One, Two, and Three, conducted and attempted to conduct such financial transactions which in fact in involved the proceeds of specified unlawful activity, with the intent to promote the carrying on of specified unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control

of the proceeds of specified unlawful activity, to wit, MURRAY transferred money owed by On Par to the District Council Benefit Funds out of On Par's accounts into various real estate projects and businesses owned in the names of other persons and corporations.

(Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i), and 2.)

### COUNT FIVE

(Monetary Transactions in Property
Derived from Specified Unlawful Activity)

The Grand Jury further charges:

5.  From in or about 2000, up through and including in or about 2006, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, knowingly engaged and attempted to engage in monetary transactions, in or affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity, to wit, MURRAY deposited, withdrew and transferred millions of dollars in criminal proceeds derived from the crimes alleged in Counts One, Two, and Three, into, out of, and through various financial institutions, including Wachovia Bank and Bank of America.

(Title 18, United States Code, Sections 1957(a) and 2.)

5

## FORFEITURE ALLEGATION

(As to Count One)

6.  As a result of committing the structuring offense in violation of Title 31, United States Code, Section 5324, alleged in Count One of this Indictment, JAMES MURRAY, the defendant, shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c)(1), all property, real and personal, involved in the structuring offense, and all property traceable thereto, including but not limited to a sum of money of at least $10 million in United States currency, in that such sum in aggregate is property involved in the structuring offense or traceable to such property.

### Substitute Assets Provision

7.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853(p);
Title 31, United States Code, Sections 5317 and 5324.)

**FORFEITURE ALLEGATION**

(As to Counts Two and Three)

8.  As a result of committing the employee benefit plan embezzlement offense in violation of Title 18, United States Code, Section 664, alleged in Count Two of this Indictment, and the mail fraud offense in violation of Title 18, United States Code, Section 1341, alleged in Count Three of this Indictment, JAMES MURRAY, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to:

A.  A sum of money of at least $15 million in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts Two and Three.

B.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 100 Wrexham Road, Bronxville, New York.

C.  All proceeds traceable to the sale, in or about April 2006, of all that lot or parcel of land, together with its

7

buildings, appurtenances, improvements, fixtures, attachments and easements, located at 645/649 Bronx River Road, Yonkers, New York.

  D. All proceeds traceable to the sale, in or about September 2006, of all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 230 South Fifth Avenue, Mount Vernon, New York.

  E. All proceeds traceable to the sale, in or about June 2006, of all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1446 First Avenue, New York, New York.

  F. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1305 Chestnut Ridge Road, Millbrook, New York.

  G. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 3536 Cambridge Road, Riverdale, Bronx, New York.

  H. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 3620 Oxford Avenue, Riverdale, Bronx, New York.

  I. All proceeds traceable to the sale, in or about

June 2006, of all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 300 East 77th Street, Unit 18B, New York, New York.

<u>Substitute Assets Provision</u>

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

      (Title 18, United States Code, Section 981 and
       Title 28, United States Code, Section 2461.)

**FORFEITURE ALLEGATION**

(As to Counts Four and Five)

10. As a result of committing the money laundering offenses in violation of Title 18, United States Code, Sections 1956 and 1957, alleged in Counts Four and Five of this Indictment, JAMES MURRAY, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to:

A.   At least $15 million in United States currency, in that such sum in aggregate is property which was involved in the money laundering offenses or is traceable to such property.

B.   All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 100 Wrexham Road, Bronxville, New York.

C.   All proceeds traceable to the sale, in or about April 2006, of all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 645/649 Bronx River Road, Yonkers, New York.

D.   All proceeds traceable to the sale, in or about September 2006, of all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 230 South Fifth Avenue, Mount Vernon,

New York.

E.  All proceeds traceable to the sale, in or about June 2006, of all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1446 First Avenue, New York, New York.

F.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1305 Chestnut Ridge Road, Millbrook, New York.

G.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 3536 Cambridge Road, Riverdale, Bronx, New York.

H.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 3620 Oxford Avenue, Riverdale, Bronx, New York.

I.  All proceeds traceable to the sale, in or about June 2006, of all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 300 East 77th Street, Unit 18B, New York, New York.

## Substitute Assets Provision

11.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (1) cannot be located upon the exercise of due diligence;

      (2) has been transferred or sold to, or deposited with, a third person;

      (3) has been placed beyond the jurisdiction of the Court;

      (4) has been substantially diminished in value; or

      (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

   (Title 18, United States Code, Sections 982, 1956 and 1957.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAMES MURRAY,

Defendant.

**INDICTMENT**

S1 06 CR 443 (KMW)

(Title 31, United States Code, Sections 5324(a)(3) and (d)(2),
18, United States Code, Section 664, 1342, 1956, 1957
and 2)

Michael J. Garcia
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

*Filed indictment. Case previously assigned to Judge Wood.*
*— Francis, J.*

SRM
4/9/08