UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA                :   TO BE FILED UNDER SEAL
                                        :
            - v. -                      :   INFORMATION
                                        :
JAMES MURRAY,                           :   S2 06 Cr. 443 (KMW)
                                        :
                  Defendant.            :
- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/1)/69

COUNT ONE

(Conspiracy)

The United States Attorney charges:

1.  From in or about 1998, up through and including in or about 2005, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 664, and Title 29, United States Code, Sections 186(a)(1), (a)(4) and (d)(2).

Objects of the Conspiracy

2.  It was a part and an object of the conspiracy that JAMES MURRAY, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did embezzle, steal, abstract, and convert to their own use, and to the use of another, moneys, funds, securities, premiums, credits, property, and other assets of an "employee welfare benefit plan or employee

pension benefit plan," as that term is defined in Title 18, United States Code, Section 664, and of funds connected therewith, namely employer contributions owed to the benefit funds of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners (the "District Council" or "Carpenters Union"), in violation of Title 18, United States Code, Section 664.

3. It was further a part and an object of the conspiracy that JAMES MURRAY, the defendant, and others known and unknown, being an employer, would and did pay, lend, and deliver, and agree to pay, lend, and deliver, money and things of value to representatives of his employees who were employed in an industry affecting commerce, and to officers and employees of a labor organization engaged in an industry affecting commerce with intent to influence them in respect to their actions, decisions, and duties as representatives of employees and as such officers and employees of such labor organization, in violation of Title 29, United States Code, Sections 186(a)(1), (a)(4), and (d)(2).

## Overt Acts

4. In furtherance of the conspiracy and to effect the illegal objects thereof, JAMES MURRAY, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. In or about 2003, MURRAY, the principal of On Par Construction and On Par Contracting (collectively, "On Par")

gave cash to a union shop steward assigned to an On Par jobsite on the East Side of Manhattan.

        b.    In or about 2004, MURRAY gave cash bribes to officers of the District Council.

(Title 18, United States Code, Section 371.)

## COUNT TWO

### (Employee Benefit Plan Embezzlement)

The United States Attorney further charges:

    5.    From in or about 1998, up through and including in or about 2005, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did embezzle, steal, abstract, and convert to their own use, and to the use of another, moneys, funds, securities, premiums, credits, property, and other assets of an "employee welfare benefit plan or employee pension benefit plan," as that term is defined in Title 18, United States Code, Section 664, and of a fund connected therewith, to wit, MURRAY participated in a scheme whereby he paid cash to workers employed by On Par, and violated the terms of the collective bargaining agreement between On Par and the District Council by, among other things, not making contributions to the District Council benefit funds (the "District Council Benefit Funds").

(Title 18, United States Code, Sections 664 and 2.)

### COUNT THREE

(<u>Unlawful Payments to Union Representatives and Officers</u>)

The United States Attorney further charges:

6.  From in or about 1998, up through and including, in or about 2005, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, being an employer, to wit, the principal of On Par, unlawfully, willfully, and knowingly did pay, lend, and deliver and agree to pay, lend, and deliver, money and things of value to representatives of his employees who were employed in an industry affecting commerce, and to officers and employees of a labor organization engaged in an industry affecting commerce with intent to influence them in respect to their actions, decisions, and duties as representatives of employees and as such officers and employees of such labor organization, to wit, MURRAY paid cash to multiple union officers and shop stewards in return for their assistance in permitting him to violate the terms of On Par's collective bargaining agreement with the District Council.

(Title 29, United States Code, Sections 186(a)(1),
(a)(4), and (d)(2).)

### COUNT FOUR

(<u>Offer to Influence Operations of Employee Benefit Plan</u>)

The United States Attorney further charges:

7.  From in our about 2004 through in or about 2005, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, unlawfully,

willfully and knowingly, directly and indirectly, gave and offered, and promised to give and offer, loans and other things of value to the trustee of an employee welfare benefit plan and employee pension benefit plan, because of and with intent to influence the trustee with respect the actions, decisions, and other duties relating to questions and matters concerning such plans, to wit, MURRAY loaned money and gave other things of value to a trustee of the District Council Benefit Funds.

(Title 18, United States Code, Section 1954).

## COUNT FIVE

### (Conspiracy to Commit Structuring)

The United States Attorney further charges:

8.   From in or about 2000 up to and including in or about 2004, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 31, United States Code, Sections 5324(a)(3) and (d)(2).

### Object of the Conspiracy

9.   It was a part and object of the conspiracy that JAMES MURRAY, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, and for the purpose of evading the reporting requirements of Title 31, United States

Code, Section 5313(a), and the regulations prescribed thereunder, and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, would and did structure and assist in structuring, and attempt to structure and assist in structuring, transactions with a domestic "financial institution," as that term is defined in Title 31, United States Code, Section 5312(a)(2).

### Overt Acts

10. In furtherance of the conspiracy and to effect the illegal object thereof, JAMES MURRAY, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a. From in or about 2001 to 2004, MURRAY, the principal of On Par, cashed more than $9 million in checks at a branch of HSBC Bank in the Bronx, New York, which checks were made payable in amounts designed to evade the filing of currency transaction reports ("CTRs").

   b. In or about 2001, MURRAY sent On Par employees to perform free home renovations on the Monroe, New York home of a bank manager of the Bronx HSBC bank branch where MURRAY routinely cashed checks under $10,000.

   (Title 18, United States Code, Section 371).

## COUNT SIX

(<u>Willful Failure to Account For and Pay Over Payroll Taxes</u>)

The United States Attorney further charges:

11. From in or about 2002, up through and including in or about 2005, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, being the owner of On Par, and thereby being required to collect, account for, and pay over to the Internal Revenue Service ("IRS" FICA taxes, unlawfully, willfully, and knowingly failed to collect such taxes from wages paid to the employees of On Par, account for said FICA taxes, and pay over said FICA taxes to the IRS in the approximate amount of $5,689,664.

(Title 26, United States Code, Section 7202.)

## COUNT SEVEN

(<u>Money Laundering</u>)

The United States Attorney further charges:

12. From in or about 2000, up through and including in or about 2006, in the Southern District of New York and elsewhere, JAMES MURRAY, the defendant, and others known and unknown, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, to wit, proceeds of the crimes alleged in Counts One through Six, conducted and attempted to conduct such financial transactions which in fact in involved the proceeds of specified unlawful activity, with the intent to promote the carrying on of

specified unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, MURRAY transferred money owed by On Par to the District Council Benefit Funds and to taxing authorities out of On Par's accounts into various real estate projects and businesses owned in the names of other persons and corporations.

(Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i), and 2.)

## Forfeiture Allegation

13. As the result of committing the offenses alleged in Counts One through Seven of the Information, JAMES MURRAY, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461; and Title 31, United States Code, Section 5317(c)(1), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to a sum of money of $10.5 million in United States currency, representing the amount of proceeds obtained as a result of the offense.

## Substitute Assets Provision

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

      (2)   has been transferred or sold to, or deposited with, a third party;

      (3)   has been placed beyond the jurisdiction of the court;

      (4)   has been substantially diminished in value; or

      (5)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981, Title 21, United
States Code, Section 853(p), Title 28, United States Code,
Section 2461, and Title 31, United States Code, Sections 5317 and
5324.)

*Leo L. Dassin*

LEV L. DASSIN
Acting United States Attorney